HARRIS, Appellant,

v.

SOUTHWEST GENERAL HOSPITAL, Appellee.

[Cite as *Harris v. Southwest Gen. Hosp.* (1992), 84 Ohio App.3d 77.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61251.

Decided Nov. 16, 1992.

78

*Robert O. Garnett,* for appellant.

*Weston, Hurd, Fallon, Paisley & Howley, Donald H. Switzer* and *David C. Lamb,* for appellee.

KRUPANSKY, Judge.

Plaintiff appeals from a postjudgment order of the trial court which granted defendant Southwest General Hospital's request for sanctions filed pursuant to Civ.R. 11, 36(A) and 37(C). The trial court imposed sanctions on plaintiff and her counsel pursuant to the above Civil Rules in the total amount of $3,597, *viz.,* $3,435.50 as reasonable attorney fees and $161.50 as expenses incurred by Southwest General Hospital in proving the truth of the matters relative to its request for admissions. The relevant facts follow:

In August 1988, plaintiff filed a medical malpractice action in the Cuyahoga County Court of Common Pleas. Plaintiff alleged in her complaint that in March 1987, while she was a patient at Southwest General Hospital (hereinafter "Southwest"), her medical condition was improperly diagnosed and she received negligent medical treatment, both of which proximately caused her permanent injuries.[1]

Defendants answered, denying the allegations of the complaint and setting up affirmative defenses. Discovery was thereafter pursued in the action. The record reflects that as early as October 1988, plaintiff filed a motion for a protective order, which was subsequently denied by the trial court. Moreover, the record also reflects in November 1988, the trial court granted one defendant's motion to compel discovery and, further, granted defendant's motion for sanctions against plaintiff for failure to comply with a discovery request.

In December 1988, the same defendant physician filed a motion to dismiss for failure to comply with the court's discovery order and also filed a motion for summary judgment due to the absence of any medical evidence to support

---

1. Plaintiff named Southwest and one treating physician as defendants in her original complaint. She was subsequently permitted by the trial court to file an amended complaint naming two more physicians as defendants in the action.

plaintiff's allegations. In February 1989, another defendant physician moved to dismiss plaintiff's complaint based upon the applicable statute of limitations.

Also in February 1989, Southwest filed the following: (1) a motion for sanctions pursuant to Civ.R. 26 and Civ.R. 37, viz., for an order prohibiting plaintiff from introducing expert testimony at trial since she had failed to comply with discovery requests; and (2) a motion for summary judgment. Attached to Southwest's motion for summary judgment were plaintiff's answers to Southwest's third set of interrogatories and an affidavit of one of the treating physicians of plaintiff while she was at Southwest. Southwest later supplemented the motion with an affidavit to support a claim that plaintiff's complaint was barred by the applicable statute of limitations. Thereafter, in February, May and June 1989, the other defendants also filed either motions to dismiss or motions for summary judgment.

Plaintiff requested extensions of time to respond to the various defendants' motions. The trial court granted plaintiff's requests.

In June 1989, motions to dismiss two defendant physicians were granted by the trial court. Thereafter, in July 1989, plaintiff filed a "reply" to the various motions for summary judgment that had been filed by defendants.

On August 24, 1989, the trial court granted Southwest's motion for summary judgment and also granted summary judgment to the remaining defendant physician. Thereafter, on September 29, 1989, plaintiff filed a notice of appeal of the granting of defendants' motions to dismiss and for summary judgment (hereinafter, "the original action") to this court, designated as Appeal No. 58536.

While plaintiff's appeal was pending, in November 1989, Southwest filed in the trial court an "application for an order requiring the plaintiff to pay reasonable expenses and attorney's fees pursuant to Civil Rule 36(A) and 37(C) and motion for an award of sanctions against plaintiff's attorney pursuant to Civil Rule 11." Southwest supported its application with an affidavit of its attorney. Therein, defense counsel stated in pertinent part the following:

"4.) As a direct and proximate result of the Plaintiff's and her attorney's denial of Request [for Admissions] Nos. 1, 2, 5 and 8 and qualified admission to Request No. 3, I had to conduct additional discovery and investigation in order to prove the truth of the matters which I requested the Plaintiff to admit and to support a more extensive Motion for Summary Judgment required as a result of plaintiff's and her attorney's improper denials of the Requests for Admissions. * * * The time spent in conducting this discovery and investigation was 21.2 hours.

"5.) * * * [D]ue to the Plaintiff's and her attorney's denial of the admissions, I had to research and prepare a more extensive Motion for Summary Judgment * * * and Reply Brief * * *. The time that I spent researching and preparing

the Motion and Briefs was 9.5 hours. All of this time was reasonable and necessary.

"6.) I spent 7 hours researching and preparing the Application for Attorneys' Fees and Costs and Motion for Attorneys' Fees and Costs to which this Affidavit is attached. The time was reasonable and necessary.

"7.) The charge to Southwest General Hospital for the copying of the extensive Motions and supporting Brief, Reply Brief and Exhibits, and the postage was $161.50. These were reasonable and necessary.

"8.) My hourly rate for my time on this case in 1988 was $85.00. In 1989 my hourly rate was $90.00. Southwest General Hospital was billed for all of the matters listed in paragraphs 4, 5, 6 and 7 of this Affidavit. The bills have been or are in the process of being paid by Southwest General Hospital. The total charge for these matters, all of which are directly related to the Plaintiff and Plaintiff's counsel's improper denial of the Requests for Admissions was $3,597.00.

"9.) I have been licensed to practice law in the State of Ohio since 1978. I have defended in excess of one hundred (100) medical malpractice cases for various hospitals and doctors in Northern Ohio. In these cases, I have conducted hundreds of depositions, prepared numerous Motions for Summary Judgment, participated in arbitrations, trials and appeals and otherwise extensively defended these claims. I am familiar with the general work required to properly prosecute and defend a medical malpractice lawsuit, as well as the attorneys fees charged for such work. The work which I performed and the fees charged to Southwest General Hospital were reasonable, necessary and within the parameters for defense of medical malpractice cases in Cleveland."

Plaintiff opposed Southwest's requests for sanctions by filing a motion to strike them.

In December 1989, plaintiff's untimely appeal to this court of the granting of defendants' motions to dismiss and for summary judgment, the original action, was dismissed pursuant to App.R. 4(A). Plaintiff then filed a motion in the Supreme Court of Ohio for an order directing this court to certify to the Supreme Court the record of her original action. The Supreme Court denied plaintiff's motion. See (1990), 49 Ohio St.3d 713, 552 N.E.2d 950.

In March 1990, Southwest filed a supplemental brief in the trial court in support of its prior application for sanctions against plaintiff and her attorney. Plaintiff again opposed Southwest's requests with a motion to strike. This time plaintiff requested sanctions against Southwest on the basis that plaintiff had filed a motion for rehearing on her original action in the Supreme Court of Ohio.

In April 1990, the Supreme Court denied plaintiff's motion for a rehearing on the original action. See (1990), 50 Ohio St.3d 709, 553 N.E.2d 691. Thereafter, in July 1990, Southwest filed a second supplemental brief in the trial court in support of its application for sanctions against plaintiff and her attorney. Plaintiff filed a reply in opposition to Southwest's second supplemental brief. However, it must be noted that in all of plaintiff's responses to Southwest's repeated requests for sanctions plaintiff neither disputed the amount requested by Southwest nor argued concerning the reasonableness of the time expended and expense incurred as stated by Southwest's attorney in his affidavit.

Finally, on December 31, 1990, over two years from the initial filing of plaintiff's original lawsuit, the trial court granted Southwest's request for sanctions with the following order:

"This matter came on for decision before the Court on Defendant, Southwest General Hospital's Application for an Order Requiring the Plaintiff to Pay Reasonable Expenses and Attorneys Fees Pursuant to Civil Rule 36(A) and 37(C) and Motion for an award of Sanctions Against Plaintiffs [*sic*] Attorney Pursuant to Civil Rule 11, and the issues having been duly submitted, it is hereby Ordered and Adjudged that the Defendant's Application and Motion are granted and that the plaintiff Mildred Harris *and* her attorney, Robert O. Garnett pay to Southwest General Hospital the total amount of $3,597.00 plus interest from the date of journalization of this Judgment Entry." (Emphasis added.)

Plaintiff filed her notice of appeal from this order on January 30, 1991, so her appeal is timely. App.R. 4(A).

Plaintiff cites five assignments of error for this court's review.[2] Since her third assignment of error concerns the trial court's jurisdiction to issue the order imposing sanctions from which plaintiff's current appeal is taken, it must be addressed first. Plaintiff's third assignment of error follows:

"III. A trial judge has no authority under statute or rule to impose sanctions after a case has been deposed [*sic*] of and an appeal taken."

This assignment of error lacks merit.

Plaintiff argues the trial court lost jurisdiction of the case *sub judice* concerning the sanctions in September 1989, when her first notice of appeal on the original action was filed to this court. Her argument must fail.

The Supreme Court of Ohio has recently stated the following:

---

**2.** Plaintiff's brief to this court does not adequately conform to the requirements of App.R. 16(A) since her arguments are not reasoned but are completely conclusory. Moreover, except for a reference to Civ.R. 11, the brief lacks citation to any other authority in support of plaintiff's contentions.

"When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify, or affirm the judgment. *In re Kurtzhalz* (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E.2d 657, paragraph two of the syllabus." *Yee v. Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St.3d 43, at 44, 553 N.E.2d 1354, at 1355; see, also, *Olen Corp. v. Franklin Cty. Bd. of Elections* (1988), 43 Ohio App.3d 189, 541 N.E.2d 80.

This proposition of law has been more fully stated thus:

"The jurisdiction of a court is determined by the Ohio Constitution and statutes adopted by the Ohio Legislature. Section 4(B), Article IV, Ohio Constitution provides that '[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings or administrative officers and agencies as may be provided by law.' Section 3(B)(2), Article IV, Ohio Constitution provides that '[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *.' Section 2(B)(1)(f) does provide that courts of appeals shall have original jurisdiction '[i]n any cause on review as may be necessary to its complete determination.'

"R.C. 2305.01 confers upon courts of common pleas original jurisdiction in all civil cases where the sum or matter in controversy exceeds the exclusive jurisdiction of county courts.

" * * * *

"Therefore, the trial court has not been denied jurisdiction by either the Civil or Appellate Rules if such jurisdiction otherwise exists * * *." *Buckles v. Buckles* (1988), 46 Ohio App.3d 118, at 120–121, 546 N.E.2d 965, at 968.

In the case *sub judice,* following the trial court's decision granting Southwest's motion for summary judgment against plaintiff, Southwest applied to the trial court for sanctions pursuant to Civ.R. 36(A), Civ.R. 37(C), and Civ.R. 11. Civ.R. 36(A) states in pertinent part as follows:

"(A) Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

" * * * *

"If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the

substance of the requested admission, and when good faith requires that a party qualify his answer, or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Rule 37(C), deny the matter or set forth reasons why he cannot admit or deny it.

"The party who has requested the admissions may move for an order with respect to the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. *If the court determines that an answer does not comply with the requirements of this rule*, it may order either that the matter is admitted or that an amended answer be served. *The court may*, in lieu of these orders, *determine that final disposition of the request be made at a pretrial conference or at a designated time prior to trial. The provisions of Rule 37(A)(4) apply to the award of expenses incurred in relation to the motion.*" (Emphasis added.)

Civ.R. 37(C) states in pertinent part the following:

"Expenses on Failure to Admit. If a party, after being served with a request for admission under Rule 36, fails to admit the genuineness of any documents or the truth of any matter as requested, and *if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. Unless the request had been held objectionable* under Rule 36(A) *or the court finds that there was good reason for the failure to admit* or that the admission sought was of no substantial importance, *the order shall be made.*" (Emphasis added.)

Furthermore, Civ.R. 11 states in pertinent part as follows:

" * * * The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a willful violation of this rule an attorney may be subjected to appropriate action. * * *"

The Civil Rules thus explicitly confer upon the trial court jurisdiction to entertain requests for sanctions for failure to comply with discovery requests.

In the case *sub judice,* since final disposition of the case in the trial court occurred upon the granting of the defendants' motions to dismiss and for summary judgment, no trial occurred. However, that did not insulate plaintiff from operation of the trial court's power to sanction inappropriate actions which occurred prior to the final disposition of the case.

"The renewed motions for attorney fees here are merely post-judgment motions which do not disturb the original judgment. They may be likened to a motion in aid of execution of judgment, upon which independent and separate proceedings may be held to enable a creditor to collect on the judgment he has received. See R.C. Chapter 2333. These proceedings cannot change the original judgment; they are ancillary and incidental to the judgment. See 40 Ohio Jurisprudence 3d (1982) 620, Enforcement of Judgments, Section 484." *Stevens v. Kiraly* (1985), 24 Ohio App.3d 211, 24 OBR 388, 494 N.E.2d 1160.

Similarly, in *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 561 N.E.2d 1001, the court stated that a trial court retains jurisdiction to decide a motion for sanctions pursuant to Civ.R. 11, even though an appeal of summary judgment in the same matter has been filed, because the trial court's decision on the motion does not affect the appellate court's power to review and decide the appeal.

Therefore, the trial court's jurisdiction to grant Southwest's application for attorney fees and requests for sanctions was unaffected by the pendency of plaintiff's appeal on the motions to dismiss and for summary judgment. Accordingly, plaintiff's third assignment of error is overruled.

■ Plaintiff's first assignment of error may now be addressed. It states as follows:

"I. Prior to the imposition of sanctions under Civil Rule 11, it must be shown that the attorney wilfully violated said rule."

This assignment of error lacks merit.

■ The imposition of sanctions against an attorney pursuant to Civ.R. 11 is a matter within the sound discretion of the trial court. *Stevens v. Kiraly, supra.* The nature of the sanction is not fixed and is to be determined according to the facts of the case. *Id.* A sanction may be found to be improper only where it is imposed in the exercise of an abuse of discretion. *Id.* Therefore, the party complaining must demonstrate that the trial court abused its discretion in order for a reviewing court to reach a different conclusion. *Itskin v. Restaurant Food Supply Co.* (1982), 7 Ohio App.3d 127, 7 OBR 161, 454 N.E.2d 583.

Plaintiff has failed to show the trial court abused its discretion in the case *sub judice*. Instead, plaintiff has made only the broad conclusory statement of her assignment of error. Plaintiff neither presented any evidence in the trial court that she had a valid cause of action against Southwest nor presented anything to this court to support a conclusion that the trial court abused its discretion in imposing sanctions pursuant to Civ.R. 11.

The record in the case *sub judice* demonstrates, rather, that plaintiff's complaint was groundless and, furthermore, that the discovery tactics of plaintiff and her counsel were designed to obfuscate and to forestall truth-finding. Plaintiff during the discovery process identified no act or omission of defendants that caused her injury. Plaintiff presented no evidence that defendants were negligent in their treatment of her. Furthermore, plaintiff did not present evidence concerning the extent or seriousness of any injury allegedly attributable to defendants.

The use of a sanction is valid "where the actions of the faulting party create a presumption of willfulness or bad faith." *Russo v. Goodyear Tire & Rubber Co.* (1987), 36 Ohio App.3d 175, 521 N.E.2d 1116. The court in *Newman v. Al Castrucci Ford Sales, Inc., supra,* stated that a trial court does not err by granting defendant's motion for sanctions against plaintiff's attorney under Civ.R. 11 where the record reveals that the attorney willfully violated the rule by filing a groundless complaint.

In the case *sub judice,* the trial court could properly conclude from the record that plaintiff's attorney willfully violated Civ.R. 11 by filing the complaint. Therefore, the imposition of sanctions was not an abuse of discretion.

Accordingly, plaintiff's first assignment of error is overruled.

 Plaintiff's second assignment of error follows:

"II. Sanctions under Civil Rule 11 apply only to attorneys and not their clients."

This assignment of error must be addressed.

Although the premise of this assignment of error is true, the facts *sub judice* fail to support the premise. The record of the case *sub judice* reveals the trial court imposed sanctions against *both* plaintiff *and* her attorney pursuant to the following Civil Rules of Procedure, *viz.,* Civ.R. 36(A), Civ.R. 37(C) and Civ.R. 11.

Civ.R. 36(A) states that, with respect to requests for admissions improperly denied by the party to whom the request is directed, "[t]he provisions of Civ.R. 37(A)(4) apply to the award of expenses incurred * * *."

Civ.R. 37(A)(4) states as follows:

*"(4) Award of Expenses of Motion.* If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent who opposed the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

Thus, for a violation of Civ.R. 36(A), the rules specifically authorize the trial court to impose sanctions against the party or her attorney. The trial court in the case *sub judice* specifically stated Southwest's application and motion were granted pursuant to Civ.R. 36(A), Civ.R. 37(C) and Civ.R. 11. Therefore, the trial court was not sanctioning plaintiff for her attorney's violation of Civ.R. 11. Nevertheless, under the circumstances of the case, the trial court was not required to separately assess the costs to plaintiff and her attorney. *Bobko v. Sagen* (1989), 61 Ohio App.3d 397, 572 N.E.2d 823.

Therefore, plaintiff's second assignment of error is meritless and is, accordingly, overruled.

■ Plaintiff's third assignment of error has been previously addressed. Plaintiff's fourth assignment of error follows:

"IV. Due process required the trial court had to identify the specific conduct it was sanctioning."

This assignment of error also lacks merit.

Plaintiff's only argument with respect to this assignment of error is the assertion that she "has no way of knowing what conduct that [*sic* ] offended the trial court." A review of the record in the case *sub judice,* however, demonstrates ample conduct which could be construed as "offensive." Moreover, plaintiff has provided no law to support her conclusion that the trial court is required to notify plaintiff of its specific reasons for imposing sanctions pursuant to Civ.R. 36(A), Civ.R. 37(C), or Civ.R. 11.

Rather, the following proposition of law has been stated:

"[T]he party requesting the admission is entitled to expenses upon proving the truth of the matter, unless the adverse party who failed to admit demonstrates a basis for denying expenses.

" * * *

"Civ.R. 36(A) and 37(C) together indicate that, unless there is a good reason to dispute the facts, the party failing to admit must bear the expense of proving the facts." *Itskin v. Restaurant Food Supply Co., supra,* 7 Ohio App.3d at 130, 7 OBR at 164, 454 N.E.2d at 587.

" * * * [O]nce having been ordered to provide discovery, the plaintiffs cannot stand mute or stand upon the same reason given for their failure to respond previously considered by the court. They must satisfy the trial court that their continued refusal to comply is genuinely founded upon a good faith excuse. There must be a showing that their continued failure to comply is not the result of any willfulness or bad faith on their part. This they have not done.

" * * *

"Under such circumstances the imposition of a * * * sanction is not a deprivation of the constitutional right of due process. [Citations.]" *Russo v. Goodyear Tire & Rubber Co., supra*, 36 Ohio App.3d at 179–180, 521 N.E.2d at 1120–1121.

■ Furthermore, the trial court is not required to state the specific conduct it is sanctioning where the record reflects the plaintiff gave unreasonably evasive and incomplete answers, engaged in dilatory tactics, and filed a frivolous complaint. *Babb v. Ford Motor Co.* (1987), 41 Ohio App.3d 174, 535 N.E.2d 676; *Bobko v. Sagen, supra; Newman v. Al Castrucci Ford Sales, Inc., supra.*

Therefore, the trial court did not err in imposing sanctions upon plaintiff and her attorney without specifically identifying the conduct it was sanctioning. Accordingly, plaintiff's fourth assignment of error is also overruled.

■ Plaintiff's fifth and final assignment of error follows:

"V. Since the appropriateness of sanctions for merely filing a lawsuit was in dispute, the trial court should have construed the facts most favorabl[y] in appellant's favor."

This assignment of error also lacks merit.

Plaintiff asserts the trial court should have held a hearing before imposing sanctions in the case *sub judice.* This assertion is not supportable.

In the case *sub judice,* Southwest submitted the affidavit of its attorney in support of its application for attorney fees. The attorney stated the amount of $3,597 as charges which were "directly related to the plaintiff and plaintiff's counsel's improper denial of the Requests for Admissions." In the year following Southwest's initial application and request for attorney fees, and in plaintiff's responses to Southwest's supplemental briefs in support of its application and request, *plaintiff or her counsel never disputed as unreasonable the amount Southwest requested.*

■ Furthermore, where the evidence offered indicates the amount is reasonable and undisputed, the trial court does not err in awarding that amount without a hearing. *Stevens v. Kiraly, supra.* The trial court is not required to perform a vain act.

In light of the record in the case *sub judice,* the award to Southwest of the amount of $3,597 as a sanction against plaintiff and her attorney pursuant to Civ.R. 11, 36(A), and 37(C) cannot be deemed an abuse of discretion. *Itskin v. Restaurant Food Supply, supra.*

Accordingly, plaintiff's fifth assignment of error is also overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

NAHRA, P.J., and JAMES D. SWEENEY, J., concur.