This appeal arises from the denial of a motion for sanctions following the dismissal of a domestic relations case. For simplicity, the parties shall be referred to by their proper names.
Lana Russo, represented by attorney Carol Adelstein, filed a complaint for divorce against Frank Russo. She alleged in her complaint that she was his common law wife since August, 1985. Previously, she had been married to him in a 1982 ceremony, but had been divorced from him in 1985. She maintained that, following the divorce, the parties resumed their marriage, continued to live together, and had three additional children.
Lana and Frank Russo ceased living together in 1992, four years before the complaint was filed. Prior to filing this action, Frank Russo married another woman, Christine Agnello Russo ("Agnello"), who was also joined as a party to the divorce litigation. Joinder of Agnello, the alleged second wife, raised tensions in this case beyond that arising in ordinary divorce litigation. A discovery deposition of Lana Russo was conducted to determine the basis of her claims.
Attorney Adelstein subsequently withdrew from representation of Lana Russo, who obtained substitute counsel. Agnello thereafter filed motions to add attorney Adelstein as a party to the litigation and for attorney fee sanctions against Adelstein under Civ.R. 11 and R.C. 2323.51. Frank Russo did not join in the motions, which the trial court denied on the merits. Agnello did not appeal from the denial of her motion for sanctions.
Approximately one month later, Lana Russo's substitute counsel dismissed the divorce action. After dismissal of the case, Frank Russo filed his own motion for attorney fee sanctions against attorney Adelstein. The claim for sanctions against Adelstein arose from the identical circumstances as the claims made by Agnello which were denied more than one month earlier by the domestic relations court. The trial court denied Frank Russo's redundant motion for attorney fees. He timely appeals, raising the following sole assignment of error:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S OBJECTIONS REGARDING (A) THE RIGHT TO DISCOVERY; (B) IN DENYING AN EVIDENTIRAY [SIC] HEARING ON THE ISSUE OF AWARDING ATTORNEY FEES TO APPELLANT FOR ADELSTEIN'S VIOLATION OF SECTION 2323.51 O.R.C. AND RULE 11 O.R.C.P. AND (C) IN DETERMINING THE MOTION WITHOUT RECEIVING ANY EVIDENCE.
This assignment lacks merit.
Frank Russo contends the trial court erred by denying his duplicative motion for attorney fees. He argues the trial court was required to grant him another round of discovery and an evidentiary hearing. He seeks to ignore that Agnello, whom he asserts to be his second wife and a co-defendant in the action, litigated the same issues and the trial court rejected them only one month earlier.
The trial court could properly conclude that Frank Russo was precluded from relitigating the issue of attorney fee sanctions under the circumstances of this case. The record shows that the trial court denied the first motion, filed by his putative wife Agnello, on the merits. It is well established that judicial doctrines of claim and issue preclusion apply to successive motions filed in an action requesting similar relief. BrickProcessors, Inc. v. Culbertson (1981), 2 Ohio App.3d 478, 479.
Frank Russo was a party to the litigation and actively participated in the proceedings. He has offered no explanation why he failed to litigate these issues at the same time his putative wife and co-defendant litigated them against Adelstein. All the facts surrounding the filing of the complaint existed prior to filing the first motion, and all claims raised in Frank Russo's motion were or could have been raised at that time. See Grant Fritzsche Ent., Inc. v.Fritzsche (1995), 107 Ohio App.3d 23. By denying the first motion, the trial court resolved the issues of law and fact in favor of Adelstein. The first motion was not a dress rehearsal for the second. The trial court could properly deny Frank Russo's repetitive second motion, which sought to relitigate the issues decided in favor of Adelstein, without providing further discovery or additional hearings.
Frank Russo complains that the trial court did not conduct an evidentiary hearing or award sanctions. This argument ignores that the issues had already been fully litigated once in the trial court. Even if principles of prior adjudication did not preclude Frank Russo from relitigating these issues, however, the arguments lack merit.
It is well established as a general rule that the decision whether to hold a hearing on a motion for sanctions or to award sanctions on the merits is within the discretion of the trial court. E.g., State ex rel. Fant v. Sykes (1987), 29 Ohio St.3d 65; Wiltsie v. Teamor (1993), 89 Ohio App.3d 380; Harris v.South West Gen. Hosp. (1992), 84 Ohio App.3d 77. Such determinations will not be reversed on appeal absent an abuse of discretion.
The Supreme Court has held that to constitute a reversible abuse of discretion the trial court's decision must be more than an error of law or judgment; its ruling
 must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.
Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256. Accord Lewis v. Celina Finance Corp. (1995), 101 Ohio App.3d 464,471. As a result of our review in compliance with this stringent standard, we find no abuse of discretion by the trial court.
This court has held, contrary to Frank Russo's argument, that hearings are not mandatory in all cases alleging frivolous conduct under R.C. 2323.51. E.g., Pisani v. Pisani (1995),101 Ohio App.3d 83. The Pisani Court recognized that a domestic relations court could properly deny such a motion without a hearing when the trial court is familiar with the case and the record contains evidence from other proceedings.
Ohio recognized the validity of common law marriages before an amendment to the Revised Code in 1991. R.C. 3105.12(B);Nestor v. Nestor (1984), 15 Ohio St.3d 143, 145-146. Because Lana Russo alleged that her common law marriage with Frank Russo began in 1985, her complaint raised a valid legal theory. Moreover, her deposition provided factual support for the claim. Despite Frank Russo's motion for summary judgment, which argued that no common law marriage existed, the trial court did not grant the motion.
It takes a stretch to argue that Adelstein "wilfully" violated Civ.R. 11 by filing the complaint or that her actions were "frivolous" under R.C. 2323.51. The record in this case reveals that Adelstein's actions were not unwarranted under existing law, not unsupported by a good faith argument for the extension of existing law, and not filed merely to harass or maliciously injure another. The trial court determined this the first time that a motion for sanctions was filed. Adelstein had withdrawn from the case before the first ruling and had done nothing since that time upon which to base a second claim for sanctions.
Accordingly, Frank Russo's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., CONCURS;
JAMES D. SWEENEY, J., CONCURS IN JUDGMENT ONLY.
 _______________________________ DIANE KARPINSKI PRESIDING JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).