**The CITY OF CLEVELAND**

v.

**STITT.**

2004-Ohio-7365.]

Cleveland Municipal Court.

No. 2004 CRB 04374.

Decided June 22, 2004.

Anthony Jordan, Cleveland Prosecuting Attorney, for plaintiff.

Karen M. Morell, for defendant.

MABEL M. JASPER, Judge.

{¶ 1} Defendant, Robert Stitt, a lieutenant of the Cleveland Police Department, is charged with several misdemeanor criminal offenses. Defendant has subpoenaed Subodh Chandra, Law Director of the City of Cleveland, to testify at trial. The city has moved to quash and has also moved for the imposition of sanctions against defense counsel.

{¶ 2} Defendant wishes to subpoena Chandra based upon a letter sent to defendant by Chandra. Chandra, in his official capacity as law director, sent the letter to defendant to inform him that the law department would not provide him with counsel regarding various civil claims filed against defendant in federal court, including alleged civil rights violations under federal law. This court's

understanding is that Chandra's letter is a common practice, as the city routinely denies counsel to employees who request it in civil matters when circumstances appear to show that the employee's conduct was beyond the course and scope of employment.

{¶ 3} For the reasons that follow, the motion to quash is granted, but the motion for sanctions is denied.

{¶ 4} The court is not persuaded that Chandra has any relevant testimony to offer in this case and is mindful of the need to ensure that high public officials are not brought into court on the mere whim of opposing counsel. Chandra is "the legal advisor of and attorney and counsel for the City, and for all officers and departments thereof in matters relating to their official duties." Cleveland Codified Ordinance Section ("C.C.O.") 15.83. He is the prosecuting attorney of the Cleveland Municipal Court. C.C.O. 15.84. It is well established that a prosecutor should avoid being a witness in a criminal prosecution. *State v. Coleman* (1989), 45 Ohio St.3d 298, 302, 544 N.E.2d 622. Ohio law also prohibits the testimony of an attorney regarding his advice to a client. R.C. 2317.02; *State v. Today's Bookstore* (1993), 86 Ohio App.3d 810, 823, 621 N.E.2d 1283.

{¶ 5} A party opposing an allegedly overbroad or improper subpoena may move to quash it. Crim.R. 17(C); *State ex rel. NBC v. Court of Common Pleas* (1990), 52 Ohio St.3d 104, 556 N.E.2d 1120. The city has done so here. In considering whether or not to quash a subpoena, a court must consider if compliance with the subpoena would be "unreasonable or oppressive." Crim.R. 17(C); *State v. Geis* (1981), 2 Ohio App.3d 258, 2 OBR 286, 441 N.E.2d 803. The city has demonstrated, to the satisfaction of the court, that Chandra's compliance with the subpoena would be unreasonable or oppressive under the circumstances. The city's motion to quash is persuasive and is granted.

{¶ 6} The city also moved for sanctions against defense counsel pursuant to Civ.R. 11. The imposition of sanctions is not a judgment of the merits of the underlying action, but reflects a determination that an attorney has abused the judicial process and is deserving of punishment. *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359; *State ex rel. Corn v. Russo* (2001), 90 Ohio St.3d 551, 740 N.E.2d 265. Civil contempt sanctions are designed for remedial or coercive purposes and are often employed to compel obedience to a court order. *Shillitani v. United States* (1966), 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622; *Russo*, supra. Imposition of sanctions is within the sound discretion of a trial court. The nature of such sanctions is not fixed, but is to be determined according to the facts of the case. *Harris v. Southwest Gen. Hosp.* (1992), 84 Ohio App.3d 77, 616 N.E.2d 507.

4

{¶ 7} The court does not find that defendant's issuance of a subpoena to Chandra is so extraordinary or outrageous as to amount to an abuse of the judicial process. Accordingly, the city's motion to impose sanctions will be denied.

{¶ 8} The court further finds that this judgment entry is subject to no just cause for delay for appeal purposes, should defendant choose to appeal it.

{¶ 9} The motion to quash is granted. The motion for sanctions is denied.

So ordered.