DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Wood County Court of Common Pleas following the September 1, 2005 entry of summary judgment against appellants, Richard and Lenore Harmeyer. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} The relevant facts of this case are as follows. In August 1994, appellee, MSC Walbridge Coatings, Inc. ("MSC"), entered into an agreement as seller with H H, a partnership consisting of Richard Harmeyer and Tom Houston. The parties entered into three contracts total, with the fourth contract listing "H H Metals, Inc./Harmeyer" as the buyer.
 {¶ 3} The remaining five contracts, including the February 19, 2003 contract for scrap steel pup coils at issue in this case, list "Dick and Lenore Harmeyer" as buyer. The Harmeyers were the sole shareholders of H H Metals and Harmeyer, Inc. The last contract between the parties was negotiated by both Richard and Lenore Harmeyer and Tom Bishop, MSC's former plant manager. The contract was signed by Bishop as the seller and Lenore Harmeyer as the buyer; nothing in the contract indicated that Lenore Harmeyer was signing on behalf of anyone other than the buyers as identified in the contract.
 {¶ 4} On December 7, 2004, MSC filed a complaint against appellants for breach of the February 19, 2003 contract, money due on the account, unjust enrichment, and quantum meruit. On January 31, 2005, appellants filed their answer denying that they were individually responsible and, asserting a counterclaim for $8,600 due on the account, appellants further requested contract reformation asserting that the contract did not state the true agreement entered into between the parties.
 {¶ 5} On June 29, 2005, appellee's counsel deposed Richard and Lenore Harmeyer. During the depositions, appellants' counsel instructed his clients not to answer any questions about who, other than appellants, was liable for the scrap steel and whether the scrap steel was sold for a profit. Appellee's counsel objected to appellants' refusal to answer these questions.
 {¶ 6} On July 18, 2005, appellee filed a motion for summary judgment on its breach of contract claim arguing that there was no genuine issue of fact based on the pleadings, appellants' depositions, and the affidavit of Ryan Rigney, an accounting manager for MSC. Appellee contended that the appellants were personally liable for the amount of money still owed on the contract and that its claim of personal liability was supported by the unambiguous language of the document.
 {¶ 7} In their memorandum opposing summary judgment, appellants argued that the contract was never properly signed by MSC because Bishop was not identified as its representative. Additionally, appellants argued that the prior relationship and course of dealings between the parties confirm that appellee knew it was doing business with Harmeyer, Inc., and not the Harmeyers as individuals.
 {¶ 8} On August 9, 2005, appellee filed a motion to compel discovery in response to the appellants' refusal to answer certain interrogatories; and, on August 16, 2005, the court ordered appellants to provide complete responses and pay the attorney's fees incurred in seeking the order.
 {¶ 9} On September 1, 2005, appellee's motion for summary judgment was granted. The trial court agreed with appellee that the contract was unambiguous in its description of the parties bound by the contract. Additionally, the court rejected the appellants' argument that because the address listed on the contract was that of Harmeyer, Inc., and not the Harmeyer's home address appellee knew it was doing business with Harmeyer, Inc. Appellee was awarded $367,688.72 in damages at 1.5 percent interest per month from November 30, 2004, until the judgment was paid. Thereafter, appellee dismissed its remaining claims against appellants, and appellants dismissed their counterclaim.
 {¶ 10} On September 9, and September 12, 2005, appellee submitted its applications for attorney fees regarding the ordered motion to compel granted on August 16, 2005.
 {¶ 11} On September 22, 2005, the trial court entered a nunc pro tunc judgment to correct its interest calculation with regard to damages. The judgment stated damages were to be awarded to the appellee in the amount of $341,602.96, plus $26,085.76, the amount of interest accrued through November 30, 2004, plus 1.5 percent interest per month from November 30, 2004, on the total price of the steel at issue until the judgment was paid.
 {¶ 12} On September 28, 2005, appellants filed their notice of appeal.
 {¶ 13} On October 4, 2005, the trial court awarded sanctions against appellants in the amount of $2,383 for attorney's fees incurred in seeking the order to compel discovery responses and for the expenses related to obtaining appellants' depositions.
 {¶ 14} On appeal, appellants raise two assignments of error:
 {¶ 15} "1. The trial court erred in granting the summary judgment for Plaintiff and in granting judgment against Defendants individually.
 {¶ 16} "2. The trial court abused its discretion in awarding attorney fees to Plaintiff because of alleged failure to provide discovery."
 {¶ 17} We first note that appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brownv. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact, and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt,75 Ohio St.3d 280, 294, 1996-Ohio-107. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
 {¶ 18} Appellants' first assignment of error disputes the trial court's determination that appellee was entitled to summary judgment on its breach of contract claim. Specifically, appellants dispute that they were personally liable under the contract; appellants assert that they signed the contract on behalf of Harmeyer, Inc., and not personally.
 {¶ 19} The interpretation of a contract is an issue of law, not of fact, to be determined by the court. Graham v. DrydockCoal Co., 76 Ohio St.3d 311, 313, 1996-Ohio-393. Contracts are to be interpreted to achieve the intent of the parties.Skivolocki v. E. Ohio Gas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus. "The intent of the parties is presumed to reside in the language they chose to employ in the agreement." Kelly v. Med. Life Ins. Co. (1987),31 Ohio St.3d 130, paragraph one of the syllabus. Additionally, "where the terms in an existing contract are clear and unambiguous, th[e] court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties."Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241,246.
 {¶ 20} Appellants contend that the contract is ambiguous and, as such, parol evidence should be allowed to explain the contract. Specifically, appellants argue that the identity of the "buyer" is ambiguous because the contract makes reference to Harmeyer, Inc. as well as the Harmeyers, individually.
 {¶ 21} The trial court disagreed with appellants' argument for the following reasons. The "buyer" in the contract is listed as Dick and Lenore Harmeyer, individually. There is no specific mention of Harmeyer, Inc. There is no indication near Lenore Harmeyer's signature that she was signing on behalf of Harmeyer, Inc., there is only her name. Additionally, there are detailed duties of "Dick and Lenore Harmeyer" individually as the buyer and no duties for Harmeyer, Inc.[1]
 {¶ 22} Courts have repeatedly held that in cases where the individual signs the contract with his or her official title next to the name, that person is not held personally liable. SeeCannon v. Miller Rubber Products Co. (1934), 128 Ohio St. 72,75; The Promotion Co., Inc./Special Events Div. v. Sweeney,150 Ohio App.3d 471, 481, 2002-Ohio-6711. However, where there is only a signature, the courts have found individual liability. "If a businessman can read, and is not prevented from adding to what he signs, he alone is responsible for his omission to add to what he signs." Heijer v. Lux, (Apr. 22, 1999) 8th Dist. Nos. 73886, 73887. See Ed Schory Sons, Inc. v. Soc. Natl. Bank,75 Ohio St.3d 433, 441, 1996-Ohio-194. The courts have also held that "`the corporate officer has a responsibility to clearly identify the capacity in which he is dealing in a specific transaction'" and "failure to comply with this rule will expose the corporate officer to individual liability on the resulting contract."Hommel v. Micco, (1991), 76 Ohio App.3d 690, 697, quotingUniversal Energy Serv., Inc. v. Camilly (May 3, 1991), 11th Dist. No. 90-A-1533.
 {¶ 23} Upon review, we must conclude that the trial court properly granted appellee's motion for summary judgment. As shown in the record, Lenore Harmeyer signed her name, with full authority from Dick Harmeyer, in the space marked for the buyer. Both names were listed individually in the contract under the duties for the buyer. Additionally, there is no indication next to her name that she was signing in a representative capacity. It is clear that the contract at issue is not ambiguous, it was between Dick and Lenore Harmeyer and they are individually liable. Accordingly, appellants' first assignment of error is not well taken.
 {¶ 24} Appellants' second assignment of error is that the trial court abused its discretion in awarding attorney fees to appellee in granting the appellee's motion to compel. Appellants claim that appellee never attempted to resolve the matter as required by Civ.R. 37. Appellants also claim that appellee never obtained an order for discovery until the award of sanctions was granted.
 {¶ 25} We review an award of attorney fees under the abuse of discretion standard. Russo v. Goodyear Tire Rubber Co.
(1987), 36 Ohio App.3d 175, 178. Awarding attorney fees "has typically been relegated to the sound discretion of the trial court and would not be overturned absent an abuse of that discretion." Liming v. Liming (1996), 117 Ohio App.3d 617, 622. An abuse of discretion is found when a trial court's decision is "arbitrary, fanciful, or unreasonable, or only when no reasonable [person] would take the view adopted by the trial court." Sgrov. McDonald's Restaurant (1984), 21 Ohio App.3d, 41, 42.
 {¶ 26} Civ.R. 37 is the governing rule in this case and section (A) provides that the discovering party can move for a motion to compel "if a deponent fails to answer a question propounded or submitted under Rule 30 or Rule 31," or "an interrogatory submitted under Rule 33." If the motion to compel is granted, "the court shall require the party or deponent who opposed the motion or the party or attorney advising such conduct * * * or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees." Civ.R. 37(A)(4). Once the motion to compel has been granted, it requires that sanctions * * * are imposed on the losing party unless "the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Id.
 {¶ 27} According to the depositions of Mr. and Mrs. Harmeyer, appellee received incomplete answers to written interrogatories and received no answers during the depositions on matters relating to the scrap steel at issue in the contract. On both occasions, appellants' counsel objected and refused to permit his clients to answer the questions. Appellee requested answers to these questions in pursuance of Counts 2, 3, and 4 of their complaint. There is nothing in the record to indicate that appellants were substantially justified in their opposition to the motion in order to render sanctions unjust.
 {¶ 28} Regarding the trial court's jurisdiction to award sanctions, in Harris v. Southwest Gen. Hosp. (1992),84 Ohio App.3d 77, appellee applied for sanctions following the trial court granting summary judgment and the notice of appeal. The court stated that it retained jurisdiction to rule on the sanctions "even though an appeal of summary judgment in the same matter has been filed, because the trial court's decision on the motion does not affect the appellate court's power to review and decide the appeal." Id. at 85.
 {¶ 29} The facts of the present case demonstrate the trial court's authority to impose sanctions as convincingly asHarris. The motion to compel, including the costs incurred with the motion, was granted pursuant to the court's jurisdiction. Even though the specific amount of attorney's fees was not awarded until after summary judgment was granted, the trial court still had jurisdiction to impose sanctions because "motions for attorney fees are merely post-judgment motions which do not disturb the original judgment." Id.
 {¶ 30} Upon review, the trial court did not err in granting sanctions to appellee. The record indicates that attorney's fees of $2383.20 were incurred in regards to the motion to compel discovery. Once the motion to compel was granted, the trial judge had full authority to impose these costs on appellants pursuant to Civ.R. 37. In accordance with Ohio case law, the trial court retained jurisdiction to order the sanctions following the granting of summary judgment.
 {¶ 31} On consideration whereof, we find that substantial justice has been done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Parish, J., concur.
[1] Such duties included: "Dick and Lenore Harmeyer will take all coils placed in the pup coil holding area six days per week; Dick and Lenore Harmeyer will be responsible for the cost of transportation; Dick and Lenore Harmeyer agree to provide 24 hour a day service, six days a week."