STEVENS, APPELLANT, *v.* KIRALY ET AL., APPELLEES.

(No. 2078—Decided October 23, 1985.)

*James J. Mayer, Jr.,* for appellant.

*Frank Cicconetti,* for appellee Kiraly.

*J. Douglas Drushal,* for appellee Bank One of Wooster.

GEORGE, P.J. This is an appeal by plaintiff-appellant's attorney from a sanction imposed by the trial court against him under Civ. R. 11.

Civ. R. 11 provides:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. * * * Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit. The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; * * *. If a pleading * * * is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false * * *. *For a willful violation of this rule an attorney may be subjected to appropriate action. * * *"* (Emphasis added.)

The complaint in this case, as amended, claimed that the designated survivor on a bank account held by Bank One of Wooster, N.A., was improperly changed from the plaintiff-appellant, Ivan E. Stevens, to his sister, defendant-appellee Betty Kiraly. Further, a claim was made that Stevens was entitled to the proceeds of that account upon his brother's death or that the proceeds should be included within the deceased's estate for distribution.

Upon the death of the owner of the account, Bank One paid the proceeds to Betty Kiraly. Stevens' prayer in the complaint was approximately $9,000 in excess of the proceeds in question, plus $500,000 in punitive damages, without any allegation of conduct which would justify punitive damages.

Motions to dismiss on the basis of Civ. R. 11, with requests for attorney fees, were filed by Bank One and Kiraly, and a hearing was held on those motions. No additional pleadings were filed to support the punitive damage claim. Thereafter, the trial court dismissed the complaint.

Bank One and Kiraly then renewed their motions for attorney fees pursuant to Civ. R. 11. Another hearing was held on those motions and attorney fees were awarded to Bank One in the amount of $500 and to Kiraly in the amount of $250. This sanction was imposed against the plaintiff, Ivan Stevens.

Both judgments were appealed by Stevens and the appeals were consolidated for consideration by this court. This court affirmed the dismissal of the complaint pursuant to Civ. R. 11 and the award of attorney fees, but reversed as to the award being assessed against the plaintiff, Ivan Stevens, instead of his attorney. *Stevens* v. *Kiraly* (Nov. 15, 1984), Wayne App. Nos. 1957 and 1983, unreported. This court stated:

"The trial court assessed attorney's fees against plaintiff. Both the language and the spirit of Civ. R. 11 provide for sanctions against the attorney who signed the pleading rather than the party for whom the attorney acted. *United States* v. *Standard Oil Co. of California* (1979), 603 F. 2d 100, 103, n. 2. While Fed. R. Civ. P. 11 has been subsequently amended to allow for sanctions against the party as well as the attorney, the Ohio rule has not been so amended. Accordingly, we reverse the award of attorney's fees against plaintiff, and remand the cause to the trial court."

Upon remand, the trial court entered the judgment against the attorney who represented the plaintiff for attorney fees in the amounts previously found to be reasonable, *i.e.,* $500 to Bank One and $250 to Kiraly. It is from this judgment that the attorney so sanctioned now brings an appeal.

### Assignment of Error I

"The January 28, 1985 judgment entry awarding $750 attorney fees against appellant as a financial sanction in favor of appellees is contrary to law because there has never been a specific finding of a willful violation of Ohio Civil Rule of Procedure Number 11 by appellant, which is a condition precedent to any imposition of sanctions against appellant."

Appellant's first assignment of error, claiming the award was contrary to law because the trial court did not make a specific finding of a "willful" violation, is barred by the doctrine of the law of the case. The decision of a reviewing court establishes the law of that case for all subsequent proceedings thereon, not only in the trial court, but also on subsequent proceedings in the same reviewing court. *Nolan* v. *Nolan* (1984), 11 Ohio St. 3d 1. The trial court's judgment awarding attorney fees was affirmed by this court, except to the extent that it imposed the fees against the plaintiff Stevens. That decision then is binding and the trial court had no choice on remand but to conform with this court's order affirming the award of attorney fees. Its only task was to decide whether to assess the fees against the attorney. This assignment of error thus is overruled.

### Assignment of Error II

"The January 28, 1985 judgment entry awarding $750 attorney fees against appellant in favor of appellees is contrary to law because an award of attorney fees must be made at the time of final judgment, to wit: The October 27, 1983 final judgment entry, which dismissed the entire case without prejudice or the October 27, 1983 final judgment entry had to contain a specific reservation to award attorney fees against appellant at another time."

In his second assignment of error, appellant questions the trial court procedure used when it originally considered the requests for attorney fees. A hearing on the matter of attorney fees was scheduled after the complaint had been dismissed and Bank One and Kiraly had renewed their motions for attorney fees. Appellant claims the trial court should either have included the award of attorney fees in the judgment entry

dismissing the complaint or specifically reserved judgment on attorney fees in that judgment entry.

Once again, the doctrine of the law of the case would operate to bar this assignment of error. This court's decision in affirming the trial court's award of attorney fees is binding. Nonetheless, in the interests of clarification and as guidance in future Civ. R. 11 actions, this court will review the propriety of the trial court proceedings in the original action.

Civ. R. 11 requires that all pleadings be signed, either by the attorney of record or by the party if he is not represented by an attorney. The rule, when it was adopted in 1970, abolished the previous requirement of verification or affidavits with all pleadings. (There are some exceptions which are immaterial here.) The signature requirement on the attorney, however, imposes the same verification burden, as well as moral and ethical obligations. Browne, The Significance of the Signature: A Comment on the Obligations Imposed by Civil Rule 11 (1981), 30 Cleve. St. L. Rev. 385. The attorney in signing the document certifies that, to the best of his knowledge, information, and belief, the pleading is supported by good grounds. The rule places the burden for the truthfulness of the pleading on the attorney — "where the responsibility belongs." Staff Notes, Civ. R. 11.

The purpose of the rule then is to deter pleading and motion abuses; it is to assure the court that the pleading or motion was filed in good faith with sufficient grounds to support it. If a court determines that a pleading or motion was filed to defeat this purpose, it may strike the document. But it may also punish the attorney who signed it and thereby certified it as true. (The Ohio Rule does not provide for imposing a similar sanction against a party who signed a pleading.)

Anglo-American courts historically have asserted an inherent power to discipline members of the legal profession. Risinger, Honesty in Pleading and Its Enforcement: Some "Striking" Problems with Federal Rule of Civil Procedure 11 (1976), 61 Minn. L. Rev. 1. Risinger, citing early English cases, notes that this discipline included ordering an attorney to make compensatory payments to anyone aggrieved by the attorney's misconduct. Risinger, *supra,* at 44-46.

Civ. R. 11 is vague as to the nature of the sanction which may be imposed against the attorney. It states only that the attorney may be subjected to "appropriate action." The Staff Notes refer to "appropriate disciplinary action." Fed. R. Civ. P. 11, the comparable federal rule, is more explicit. It states:

"* * * if a pleading, motion, or other paper is signed in violation of this rule, the court * * * shall impose * * * an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee."

Clearly, then, the award of attorney fees is a proper sanction. See, also, *Leinweber* v. *Cox* (App. 1983), 5 OBR 172. But it is not the only available sanction. The Advisory Committee Note to the federal rule, as amended, gives the court broad discretion in imposing sanctions for violations of the rule.

"* * * The court * * * retains the necessary flexibility to deal appropriately with violations of the rule. It has discretion to tailor sanctions to the particular facts of the case, with which it should be well acquainted." 2A Moore, Federal Practice (1985) 11-6, Paragraph 11.01[4].

Risinger suggests that other available sanctions include such things as a fine or imprisonment invoked pursuant to the court's contempt power, formal reprimand, or even disbarment.

Risinger, *supra,* at 43. Additionally, the trial court might informally reprimand or prohibit an offending attorney from practicing in a particular court or division for a period of time. Thus, the nature of the sanction is not fixed and is to be determined on a case-by-case basis.

As to the extent of the sanction, the trial court has wide latitude in protecting the administration of justice. A sanction may be found to be improper only where it is imposed in the exercise of an abuse of the trial court's discretion.

Civ. R. 11 is silent on the procedure to be followed in seeking sanctions against an attorney for violations of the rule, but some guidance may be found in the federal rule and case law. The federal rule provides that sanctions may be invoked upon motion of either the court or the aggrieved party. Once again, wide latitude is granted the courts, according to the Advisory Committee Note:

"* * *[I]t is within the court's discretion to decide the procedure, timing and appropriateness of imposing a particular sanction. * * *" Moore, *supra,* at 11-20, paragraph 11.02[2].

Logically, a claim for attorney fees under Civ. R. 11 is collateral and independent of the primary action. The motion to dismiss in the instant case involved a determination of whether or not there was sufficient basis for a prayer of punitive damages in the complaint. It was not until this determination had been made and the case was dismissed that the issue of compensation for attorney fees expended in defending against a frivolous or sham complaint arose. This issue involved an entirely different question and another hearing was necessary to receive evidence of amounts involved and possible mitigating factors. See *Viola Sportswear, Inc.* v. *Mimun* (E.D.N.Y. 1983), 574 F. Supp. 619.

The renewed motions for attorney fees here are merely post-judgment motions which do not disturb the original judgment. They may be likened to a motion in aid of execution of judgment, upon which independent and separate proceedings may be held to enable a creditor to collect on the judgment he has received. See R.C. Chapter 2333. These proceedings cannot change the original judgment; they are ancillary and incidental to the judgment. See 40 Ohio Jurisprudence 3d (1982) 620, Enforcement of Judgments, Section 484.

This is not to say that the court here could not have consolidated the two issues into one hearing. This is the method suggested by Browne, *supra,* at 477, fn. 250, wherein he proposes that the motion to dismiss should include the request for fees and be accompanied by itemized lists of legal services rendered and expenses incurred, with supporting affidavits or receipts. The trial court did not err, however, in its exercise of discretion in ordering a supplemental hearing after the complaint had been dismissed. Assignment of error two is overruled.

### Assignment of Error III

"The trial judge abused his discretion when imposing a $750 financial sanction against appellant because the facts and circumstances of the instant case do not warrant the same."

Lastly, appellant argues the total amount of fees awarded was not substantiated by the facts and circumstances of the case. Here again, the amount of the award had already been affirmed by this court and was not at issue upon remand. Under the doctrine of the law of the case, the trial court did not have any authority to alter the amounts. *Nolan, supra.* Furthermore, where the trial court awarded $750 in attorney fees when the evidence offered indicated that $2,250 was reasonable, an abuse of discretion has not been shown. Thus, this assignment of error is overruled and the judgment of the trial court is affirmed.

Finally, during the pendency of this appeal, both appellees filed motions requesting this court to assess attorney fees related to this appeal. App. R. 23 reads:

"If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs."

Appellee Kiraly requests $840 and and appellee Bank One requests $1,075. Each request was accompanied by an affidavit and a schedule of dates, times and charges.

Appellees' motions for attorney fees are both denied. Appellant had a reasonable basis for filing this appeal since there is little case law on Civ. R. 11. Prior guidance was not available as to the nature and extent of sanctions and procedure to be used in imposing them under Civ. R. 11. Thus, while attorney fees are not imposed here, the appellant is assessed the court costs necessary to this appeal.

*Judgment affirmed.*

BAIRD and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, sitting by assignment in the Ninth Appellate District.