WEINER, ORKIN, ABBATE & SUIT CO., L.P.A., Appellant and Cross–Appellee,

v.

NUTTER; Summers, Appellee and Cross–Appellant; Fox, Appellee;
Home Insurance Companies, Cross–Appellant.

[Cite as *Weiner, Orkin, Abbate & Suit Co., L.P.A.*
*v. Nutter* (1992), 84 Ohio App.3d 582.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 61500 and 61532.

Decided Dec. 28, 1992.

*Weiner & Suit Co., L.P.A., Walter Kaufman pro se,* and *Dale A. Nowak pro se,* for appellant.

*Robert H. Williams,* for William L. Summers and Norman A. Fox.

*Janik & Bell* and *Carrie Goold,* for cross-appellant.

---

PATRICIA A. BLACKMON, Judge.

Weiner, Orkin, Abbate & Suit Co., L.P.A.—plaintiff-appellant and cross-appellee—timely appeals the manner in which the Cuyahoga County Common Pleas Court disposed of a motion for attorney fees pursuant to Civ.R. 11 and a motion for attorney fees pursuant to R.C. 2323.51. Defendants-appellees and cross-appellant Summers timely assert a cross-appeal alleging that the trial court erred in its finding that there were insufficient grounds to support a claim for infliction of emotional distress.

Having reviewed the record and the arguments of counsel, we reverse in part and affirm in part the manner in which the trial court disposed of the motions for attorney fees pursuant to Civ.R. 11 and R.C. 2323.51. The apposite facts follow.

In May 1987, Dean Nutter was involved in a motor vehicle accident. In June 1987, appellant entered into a contingent fee agreement with Nutter regarding the automobile accident. After some time elapsed and negotiations took place, the tortfeasor's liability carrier made an offer of $15,000 to Nutter. This offer was rejected by Nutter and he subsequently terminated his attorney-client relationship in a letter to appellant dated approximately July 8, 1988. Nutter advised appellant that he had discussed his case with other counsel.

In mid-September 1988, Nutter agreed to accept the previous offer of $15,000 and executed a settlement and release agreement that settled his outstanding claims. On or about October 26, 1988, appellant filed a lawsuit against Nutter alleging that he had breached his contract with appellant, as it related to legal services provided in connection with his personal injury claim. This action was filed in the Shaker Heights Municipal Court. In response to the lawsuit, an answer and counterclaim were filed on Nutter's behalf by attorneys William L. Summers and Norman Fox, Jr.

The counterclaim alleged two causes of action. The first was a claim for legal malpractice on the part of appellant. The underlying basis for the legal malpractice claim was alleged to be that appellant failed to mention or pursue the availability of underinsured motorist coverage under Nutter's parents' insurance policy. The second cause of action contained in the counterclaim was for infliction of emotional distress. This claim was allegedly based on the manner in which appellant treated Nutter during its representation of him.

The Shaker Heights Municipal Court transferred the case to the Cuyahoga County Common Pleas Court in March 1989, because the counterclaim exceeded the municipal court's monetary jurisdiction. After a period of time, case management conferences, and discovery, appellant moved for summary judgment on the counterclaim, which the trial court granted in early June 1990. In July 1990, appellant entered a dismissal of the remainder of the case pursuant to Civ.R. 41(A)(1)(a), which made the trial court's summary judgment ruling a final order.

In August 1990, appellant filed motions for attorney fees pursuant to both Civ.R. 11 and R.C. 2323.51, requesting that the fees be assessed against both Summers and Fox. An affidavit in support of the motions for fees was filed with the trial court; the affidavit was from attorney Steven D. Bell, who was defense counsel for appellant on the counterclaim. In response to these motions, the trial court ordered the appellees, Summers and Fox, to file a brief in opposition to the request for sanctions by November 9, 1990, and that an oral hearing would subsequently be held upon the request of any party.

Cross-appellant, Home Insurance Company, filed a motion to intervene in an effort to recover its fees in excess of appellant's deductible of $10,000 for its defense of the counterclaim on behalf of appellant. This motion to intervene was granted by the trial court. In late November 1990, appellees, Fox and Summers, filed their brief in opposition to the motions for attorney fees, which contained an affidavit from an attorney suggesting that the reasonable cost of defending the counterclaim was between $5,000 and $6,000. In addition, Summers and Fox submitted a letter from another lawyer suggesting that there were reasonable grounds for the malpractice count of the counterclaim. However, the opinion also indicated that the second count of infliction of emotional distress was without foundation.

In late February 1991, the trial court disposed of the two motions for attorney fees. With respect to the motion filed pursuant to Civ.R. 11, the trial court ordered Summers to pay $3,500 to appellant and its insurance defense counsel. Fox was not ordered to pay pursuant to the Civ.R. 11 motion for sanctions. The motion for attorney fees brought pursuant to R.C. 2323.51 was overruled for lack of jurisdiction by the trial court.

In response to the decision of the trial court, appellant timely filed its notice of appeal. Appellees, Summers and Fox, also filed a joint notice of appeal. Cross-appellant, Home Insurance Company, filed a notice of cross-appeal. These actions were consolidated by this court.

Appellant, in support of its appeal, asserts three assignments of error. Assignment of error one states:

"The trial court erred in failing to consider the motion for frivolous conduct pursuant to R.C. 2323.51—the trial court had jurisdiction of the subject matter."

 This assignment of error raises the issue of whether the trial court properly overruled appellant's motion for attorney fees pursuant to R.C. 2323.51 based on a lack of jurisdiction.

R.C. 2323.51 states:

"(B)(1) Subject to divisions (B)(2) and (3), (C), and (D) of this section, at any time prior to the commencement of the trial in a civil action or *within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct.* The award may be assessed as provided in division (B)(4) of this section." (Emphasis added.)

The trial court, in reaching its conclusion that it lacked jurisdiction, relied on the statutory language that the trial court may award reasonable attorney fees within twenty-one days after the entry of judgment in a civil action. The trial court stated, "although the plaintiff filed its motion within the time limits, the Court did not address the motion until more than 21 days after the final judgment was rendered. Therefore, we find that this Court lacks jurisdiction to render an award and hereby overrules this motion."

R.C. 2323.51(B) states:

"(2) An award of reasonable attorney's fees may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action, but only after the court does all of the following:

"(a) Sets a date for a hearing to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;

"(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party allegedly adversely affected by frivolous conduct;

"(c) Conducts the hearing described in division (B)(2)(a) of this section, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct in question was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made."

Appellant filed its motion within twenty-one days of the entry of judgment, by the trial court's admission. The record is unclear about the reason for the delay

in the trial court's ruling. Because the record reflects compliance on the part of appellant with the time constraints of R.C. 2323.51(B)(1), this court is not prepared to foreclose appellant from the opportunity of an evidentiary hearing consistent with the dictates of R.C. 2323.51(B)(2) for time delays that, based upon the record, are not attributable to appellant.

Consequently, we reverse the ruling of the trial court and remand the case for an evidentiary hearing consistent with the guidelines of R.C. 2323.51(B)(2). This holding should be given the narrow interpretation that when a moving party files a motion for attorney fees pursuant to R.C. 2323.51 within twenty-one days of the entry of judgment and the motion is not ruled on within the statutory time period due to no fault of the movant, an evidentiary hearing should be granted to appellant.

Appellant's second assignment of error states:

"The trial court's imposition of sanctions pursuant to Civil Rule 11 in the amount of $3,500 against appellee Summers was insufficient and prejudicial error."

This assigned error raises the question of whether an award of $3,500 as sanctions pursuant to Civ.R. 11 was insufficient under the facts and circumstances of this case. Appellant asserted a number of reasons why it is entitled to recover attorney fees pursuant to Civ.R. 11. Appellant cites the filing of the malpractice counterclaim, an inadequately researched brief in opposition to the motion for summary judgment, the filing of a claim for infliction of emotional distress where there were insufficient facts to support such a claim, and the filing of a request for punitive damages in the absence of sufficient facts to make such a claim.

Civ.R. 11 states, in pertinent part:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. * * * The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule an attorney may be subjected to appropriate action. * * * "

The trial court relied on the case of *Stevens v. Kiraly* (1985), 24 Ohio App.3d 211, 24 OBR 388, 494 N.E.2d 1160, which states that "the purpose of the rule is to deter pleading and motion abuses; it is to assure the court that the pleading or motion was filed in good faith with sufficient grounds to support it." *Id.* at 213, 24 OBR at 390, 494 N.E.2d at 1163. The trial court further opined that "the language of [Civ.R. 11] indicates that the attorney, whose signature appears on

the document, has reviewed the document and found that it meets certain requirements imposed by the Rule. Only the attorney who signs the document makes such a representation, and he is the attorney to be held accountable for violations of the Rule." Memorandum of Opinion and Order at 4. As a result of this reasoning, the trial court overruled the motion to the extent that it sought recovery from Fox.

After giving credence to these rules pertaining to Civ.R. 11, the trial court concluded that it should not make an award of sanctions based on the malpractice claim. The trial court based its decision on the fact that the evidence did not suggest that Summers purposely avoided discovering the weaknesses of Nutter's claim, nor did it suggest that Summers was placed on notice of circumstances that would cause him to doubt, at the prefiling stage, that Nutter had an arguable case. Because these factors indicate that no willful violation of the rule took place, the trial court concluded, as to the legal malpractice claim, that no violation of Civ.R. 11 occurred.

Likewise, the trial court found no willful violation of Civ.R. 11 as it related to the brief in opposition to the motion for summary judgment. The trial court concluded that the brief in opposition consisted exclusively of the testimony of Nutter with no legal authority to either support Nutter's position or refute the position of appellant. The brief in opposition was not signed by either Summers or Fox and the request for sanctions was specifically against those lawyers.

The trial court, however, reached a different conclusion about the claims for emotional distress and punitive damages. The fundamental element of an emotional distress claim is that the conduct of the alleged tortfeasor must be extreme and outrageous. In this regard, the trial court stated that it was "unable to imagine how Summers could possibly interpret Nutter's testimony as a basis for a finding of extreme and outrageous conduct." In addition, Summers' own letter from attorney Mark M. Sturik confirms that there was no basis for such a finding. In this regard, the trial court concluded that Summers had in fact violated Civ.R. 11 because he could not have formed a bona fide belief in the theory of his case before signing the pleading. Since the trial court determined that there was no basis for the emotional distress claim, it also concluded that there was no basis for a claim of punitive damages flowing from the emotional distress. Therefore, Summers again violated Civ.R. 11 with a request for punitive damages.

The trial court awarded $3,500 as reasonable attorney fees as a result of the violation of Civ.R. 11. According to the trial court, this amount represented approximately forty percent of the expenses personally incurred by appellant.

Appellant's assignment of error two is overruled. The trial court analyzed the evidence carefully. The evidence did not support a finding that Summers intentionally avoided discovery of the weaknesses of Nutter's claim, nor did it show that Summers was knowledgeable of facts or circumstances that would cause him to doubt the arguability of his client's case prior to the filing. On this evidence, the trial court could not conclude that Civ.R. 11 was willfully violated as it relates to the legal malpractice claim. Similarly, the trial court's conclusions pertaining to the brief in opposition of summary judgment were accurate and not an abuse of discretion. The fact that neither Summers nor Fox actually signed the brief is crucial to a Civ.R. 11 analysis. It was not an abuse of discretion for the trial court to conclude that since the Civ.R. 11 request was for a finding against these two lawyers consideration of the brief was not necessary.

Indeed, the finding of the trial court that Summers violated Civ.R. 11 as it relates to the claims of intentional emotional distress and punitive damages was not an abuse of discretion. Further, the award of $3,500 was for the defense of the intentional infliction of emotional distress claim and the claim for punitive damages. These are the two causes of action that were violative of Civ.R. 11 and, as such, the only two claims for which the trial court could award reasonable attorney fees. The amount of $3,500 is reasonable for the defense of these two claims and as such was not insufficient and prejudicial.

Appellant's third assignment of error states:

"The trial court's failure to properly consider the evidence was error."

Evidentiary rulings lie within the broad discretion of the trial court and will form the basis for reversal on appeal only upon an abuse of that discretion which amounts to prejudicial error. *State v. Lundy* (1987), 41 Ohio App.3d 163, 169, 535 N.E.2d 664, 671, citing Evid.R. 103(A) and *State v. Graham* (1979), 58 Ohio St.2d 350, 12 O.O.3d 317, 390 N.E.2d 805. "Although the trial court abused its discretion in admitting into evidence the cards and check allegedly possessed by Lundy, we find this error to be nonprejudicial." *Lundy, supra.* Thus, a trial court may erroneously admit evidence, at which point the issue becomes whether the admission was prejudicial.

In applying this evidentiary principle to the instant case, the issue becomes whether the trial court's contemplation of the letters from attorneys Sturik and William R. Fanos resulted in prejudice to appellant. Appellant, obviously, suggests that the contemplation of the letters by the trial court was in fact prejudicial. Appellant argues that the letter of Sturik was irrelevant and prejudicial to a determination of the issues of bad faith and frivolous conduct.

With respect to Sturik's letter, it appears that the trial court's contemplation of Sturik's letter inured to the benefit of appellant as opposed to the

prejudice of appellant. In this regard, the trial court stated, "Summer's own evidence establishes that no basis existed for an award of actual damages under Count II * * *." Clearly, the trial court relied somewhat on Sturik's letter to dismiss the claim of intentional emotional distress. Therefore, the contemplation of Sturik's letter could not have been wholly prejudicial to appellant when it in fact assisted in the dismissal of one of the claims against appellant. We, therefore, find that the trial court's abuse of discretion in considering the letter did not rise to the level of prejudicial error.

With respect to the letter of Fanos, the trial court's contemplation of that letter did not amount to prejudice against appellant. Even though Fanos concluded that the bill for legal services rendered by the law firm of Janik & Bell was "excessive, unreasonable, and were not all necessary in the defense of the counterclaim * * *," the trial court reasonably apportioned its award of fees. The trial court based the amount of its attorney fees award pursuant to Civ.R. 11 on the fact that it could award fees only for the claims of punitive damage and emotional distress. It was not prejudicial error for the trial court to conclude that $3,500 was a fair award for the reasonable defense of those two claims.

Assignment of error three is overruled.

Cross–appellant, William L. Summers, asserts one assignment of error in his cross-appeal. It states:

"The trial court erred by finding that there was not good ground to support a claim for infliction of emotional distress."

For all of the reasons previously discussed with respect to the claim for infliction of emotional distress, this cross-assignment of error is overruled. Cross-appellant Summers offered no evidence to establish that there was extreme and outrageous conduct on the part of appellant. In fact, cross-appellant's own evidence in the form of attorney Sturik's affidavit establishes that there was no basis for such a claim.

This case is reversed and remanded in part for an evidentiary hearing and determination by the trial court of whether Summers and Fox violated R.C. 2323.51.

*Judgment accordingly.*

James D. Sweeney, P.J., and Krupansky, J., concur.