This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Brian Shaw has appealed the dismissal of his motion for Civil Rule 11 sanctions, in the Summit County Court of Common Pleas. This Court reverses, and remands the matter to the trial court for a hearing.
 I.
On June 2, 1997, Linda Vogel filed a complaint for divorce against her husband, David Vogel. On June 30, 1997, David Vogel filed an answer and a counterclaim against Linda, and a third party complaint against Brian Shaw. The complaint against Shaw asserted that Shaw had "purposely interfered with the marital contract between Linda D. Vogel and David J. Vogel[,]" and that Shaw had "insinuated himself as an interloper with the family[.]"
On July 25, 1997, Shaw filed an answer, a motion to dismiss the third party complaint, and a motion for sanctions for filing a frivolous suit. Shaw asserted that his motions should be granted because Ohio abolished amatory actions such as alienation of affection in 1978, and because David Vogel had no standing to bring a restraining order against Shaw.
A hearing on Shaw's motions to dismiss and for sanctions was held before a magistrate on October 8, 1997. The magistrate did not address Shaw's motion for sanctions, and found that his motion to dismiss should be determined at the final hearing. The trial court adopted the magistrate's recommendation. Shaw filed objections to the magistrate's decision. The trial court overruled Shaw's objections, and taxed costs to him.
On July 24, 1998, David Vogel filed a notice of voluntary dismissal of his third party complaint against Shaw. A trial was scheduled for July 27, 1998, on Linda Vogel's complaint for divorce, and David Vogel's counterclaim. However, the Vogels reached an in-court settlement. The trial court issued a decree of divorce in the matter on October 2, 1998. No mention of Shaw, or his motions, was made in the decree.
On May 17, 1999, Shaw filed another motion for Rule 11 sanctions. Again, he argued that David Vogel's claim against him was frivolous since Ohio abolished alienation of affection actions in 1978. David Vogel's attorney, who had filed the third party complaint against Shaw, filed a motion to dismiss Shaw's motion for sanctions.
A hearing on Shaw's May 17, 1999 motion for sanctions was held before a magistrate on July 7, 1999. On July 28, 1999, the magistrate recommended Shaw's motion be dismissed on the basis of res judicata, finding that Shaw's "request for relief was litigated and ruled upon prior to the finalization of the divorce decree." The trial court, on July 28, 1999, adopted the magistrate's recommendation. Shaw filed objections.
The trial court found that Shaw's motion to dismiss and motion for sanctions were merged into the October 2, 1998 divorce decree, and therefore did not survive. Thus, the court overruled Shaw's objections, and dismissed his motion for Rule 11 sanctions.
Shaw has timely appealed, and has asserted one assignment of error.
 II. ASSIGNMENT OF ERROR The Trial Court Erroneously considered the matter of third party Defendants [sic] Post Decree motion for sanctions to be governed under the doctrine of merger into the final decree of divorce.
In his sole assignment of error, Shaw asserts the trial court erred in dismissing his motion for sanctions. This Court agrees.
Civil Rule 11 sanctions are collateral to the underlying action and may be considered by the trial court after an action is no longer pending. See Risk Insurers v. Lorenz Equip. (1994), 69 Ohio St.3d 576, citingCooter Gen. Acc. Ins. of Am. (1990), 496 U.S. 384, 396-397,110 S.Ct. 2447, 2456-2457, 110 L.Ed.2d 359, 375-377. See, also, Stevens v. Kiraly
(1985), 24 Ohio App.3d 211 (holding that the imposition of sanctions under Civ.R. 11 is collateral and independent of the primary action);Baker v. USS/Kobe Steel Co. (Jan. 5, 2000), Lorain App. No. 98CA007151, unreported (explaining that a voluntary dismissal under Civ.R. 41(A)(1) does not divest a court of jurisdiction, because a motion for sanctions is collateral to the underlying proceedings).
Shaw's motion for sanctions pursuant to Civ.R. 11 was never entertained by the trial court, and did not merge into the final divorce decree. Accordingly, the trial court erred in dismissing the motion.
Shaw's sole assignment of error is sustained.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., BAIRD, J., CONCUR