DECISION
Defendant-appellant, Aaron Dwayne Flatinger, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, dismissing his motion for sanctions pursuant to R.C. 2323.51
for lack of subject matter jurisdiction.
This appeal arises out of a complaint for divorce that plaintiff-appellee, Angela Dawn Flatinger, filed against appellant on June 19, 2001. On August 3, 2001, appellant filed his answer to appellee's complaint for divorce along with a motion to dismiss for lack of subject matter jurisdiction. On August 10, 2001, appellant filed a motion seeking to have sanctions imposed on appellee, her counsel, or both for frivolous conduct pursuant to R.C. 2323.51(A)(2)(a).
On December 7, 2001, the trial court dismissed appellee's complaint for divorce for lack of subject matter jurisdiction, finding that appellee's own custody affidavit indicated that she had not resided in Ohio for six months as required by R.C. 3105.03. The trial court also dismissed appellant's motion for sanctions for lack of subject matter jurisdiction, concluding that because it lacked jurisdiction over the underlying divorce action, it also lacked jurisdiction over appellant's motion for sanctions. Appellee has not appealed from the dismissal of her action for divorce. However, appellant has appealed from the trial court's dismissal of his motion for sanctions and has assigned the following error:
 Where the trial court lacked subject matter jurisdiction of the underlying action, the court erred in finding that it therefore lacked jurisdiction to consider a motion for sanctions pursuant to R.C. 2323.51.
We have found no Ohio cases that directly address the issue of whether a trial court possesses the authority to entertain a motion for sanctions pursuant to R.C. 2323.51 or Civ.R. 11 in circumstances where the court never had subject matter jurisdiction over the underlying action. However, several Ohio cases have concluded that trial courts possess the authority to entertain motions for sanctions after they have lost jurisdiction over the underlying action. In Stevens v. Kirally (1985),24 Ohio App.3d 211, 214, the Ninth Appellate District held that a trial court possessed the authority to entertain a motion for sanctions brought pursuant to Civ.R. 11, after the final judgment was entered in the underlying action. Similarly, in Keeler v. Sohio Procare (1992), Cuyahoga App. No. 61346, the Eighth Appellate District held that a trial court possessed the authority to entertain a motion for sanctions brought pursuant to R.C. 2323.51 after counsel voluntarily dismissed the underlying action.
We are unable to conceive of any logical reason why the holdings in Kirally and Keeler should not be extended to cases, such as the instant one, in which the trial court never possessed jurisdiction over the underlying action. This view is supported by the United States Supreme Court's decision in Willy v. Coastal Corp. (1992), 503 U.S. 131,112 S.C. 1076. In Willy, the Supreme Court concluded that federal district courts possess the authority to impose sanctions pursuant to Fed.R.Civ.P. 11 even where the district court never possessed subject matter jurisdiction over the underlying action. The court reasoned that sanctions under Fed.R.Civ.P. 11 involve a matter that is collateral and independent of the underlying action: the court's interest in having the lawyers who practice before it obey the rules of procedure. Further, the district court's interest in ensuring that lawyers obey the rules of practice does disappear in cases in which the district court ultimately determines that it lacks subject matter jurisdiction over the underlying action.
The Supreme Court's rationale in Willy applies equally well to appellant's motion for sanctions under Civ.R. 11 or R.C. 2323.51. Appellant's motion for sanctions raises an issue that is collateral and independent of the underlying divorce action. Further, the fact that the trial court ultimately dismissed appellee's divorce action for lack of subject matter jurisdiction should not deprive the trial court of the authority to entertain a motion for sanctions regarding conduct that occurred while appellee's action was pending. It is only reasonable that a person who has invoked the personal jurisdiction of the trial court should be subject to sanctions for misconduct before the court whose jurisdiction he has invoked. A contrary conclusion would prevent a trial court from sanctioning a litigant who intentionally files actions over which the trial court lacks subject matter jurisdiction solely for the purpose of harassing the opposing party. Accordingly, we conclude that the trial court had the authority to entertain appellant's motion for sanctions.
Appellee argues, however, that the trial court's dismissal of appellant's motion for sanctions should be upheld despite the fact that the trial court possessed the authority to consider the motion, as the motion is without merit. Because the trial court did not consider the merits of appellant's motion for sanctions, it would be improper for us to address that issue on appeal. Price v. Price (2002), Geauga App. No. 2000-G-2320.
Based on the foregoing, we conclude that the trial court erred in dismissing appellant's motion for sanctions. Appellant's assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed in part and this matter is remanded for further proceedings in accordance herewith.
Judgment reversed in part and remanded for further proceedings.
TYACK, P.J., and LAZARUS, J., concur.