This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Robert and Diane Berry, appeal from the decision of the Summit County Court of Common Pleas. We reverse and remand.
 {¶ 2} The present dispute relates to landscaping services provided by MGM Landscape Contractors, Inc. ("MGM") to the Berrys in 1996. Following the landscaping service, MGM filed an affidavit for a mechanic's lien. On September 26, 1996, MGM filed a complaint against the Berrys relating to the services. The complaint was later amended and included a demand for a money judgment relating to labor and material furnished in the landscaping of the Berrys' property and a request that MGM's mechanic's lien be found valid so that the Berrys' premises could be foreclosed upon.
 {¶ 3} In response, the Berrys answered the complaint and filed counterclaims. These counterclaims were later amended and several of the claims voluntarily dismissed prior to trial so that, at the jury trial commencing on January 28, 2002, the only counterclaims that remained were an alleged violation of the Consumer Sales Practices Act by third party defendant Kevin Sunde, president of MGM, and MGM (hereinafter collectively referred to as "Appellees"), breach of contract against MGM, slander of title to property against MGM, and failure to complete work in a workmanlike manner against Appellees.
 {¶ 4} At trial, the trial court granted a directed verdict with regard to the slander of title claim. At the close of the trial, the jury found for MGM on the money judgment claim. With regard to the Berrys' counterclaims, the jury found in favor of Appellees on all claims. This appeal followed.
 {¶ 5} The Berrys raise one assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED IN ADMITTING EVIDENCE, CONTRARY TO EVID.R. 404(B), OF OTHER LAWSUITS AND CLAIMS IN WHICH THE DEFENDANTS WERE INVOLVED."
 {¶ 7} In their assignment of error, the Berrys assert that the trial court erred in admitting evidence of the Berrys' various other lawsuits, as well as evidence of other claims that they had filed in the past, and other claims or liens that had been filed against them. We agree.
 {¶ 8} A trial court has broad discretion in determining whether to admit or exclude evidence. Absent an abuse of discretion that materially prejudices a party, the trial court's decision will stand. Weiner, Orkin,Abbate Suit Co. L.P.A. v. Nutter (1992), 84 Ohio App.3d 582, 589. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 9} As pertinent, Evid.R. 403(A) states that relevant evidence "is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice[.]" Further, Evid.R. 404(B) provides:
 {¶ 10} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 11} In Eller v. Wendy's Internatl., Inc. (2000),142 Ohio App.3d 321, 332 , the court cited with approval Outley v. NewYork (C.A.2 1988), 837 F.2d 587, 592, a case in which the court stated that "[t]he charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent." "`[A person's] litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant. The trial court has a duty to prevent exploitation of this prejudice.'" Outley, 837 F.2d at 592, quoting Raysor v. Port Authority
(C.A.2 1985), 768 F.2d 34, 40.
 {¶ 12} On appeal, Appellees assert that they sought to introduce evidence of the Berrys' prior involvement in lawsuits and other types of legal action to demonstrate the Berrys' motive and intent to receive the benefit of landscaping services without payment or for payment less than actual costs, and, also, a plan to have a job specification book so that the Berrys could claim their specifications were not met. This argument fails because the evidence at issue was not relevant and was highly prejudicial. The issue at trial involved MGM's complaint for a money judgment for labor and materials furnished in the landscaping of the Berrys' property and a request that MGM's mechanic's lien be found valid so that the Berrys' premises could be foreclosed upon. Additionally, there was the issue of the Berrys' claims of breach of contract, violation of the Consumer Sales Practices Act, slander of title by the filing of an affidavit to get an unwarranted mechanic's lien, and failure to complete work in a workmanlike manner.
 {¶ 13} The evidence introduced at trial consisted of questioning the Berrys about various legal actions involving other contractors that they had hired in the past, the law firm hired by Appellees, the Berrys' own attorney, the Appellees' insurance company, the insurance company's claims adjuster, and the wife of Mr. Sunde. The fact that the evidence in question demonstrated that the Berrys had been involved in other lawsuits, had filed other claims, and had other claims or liens filed against them was not relevant to the claims at issue and, moreover, was highly prejudicial with regard to the instant case.
 {¶ 14} Furthermore, it is obvious that Appellees used the evidence in question to show that the Berrys had been involved in several other lawsuits and other types of legal action. The other acts testimony was used to prove the character of the Berrys as highly litigious people and that they were merely acting in conformity therewith in their dealings with Appellees. Clearly, Evid.R. 404(B) specifically renders such evidence inadmissible. See, generally, Outlay, 837 F.2d at 591-95.
 {¶ 15} The trial court abused its discretion and committed prejudicial error in admitting the evidence at trial. The assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.
BAIRD, P.J., CARR, J., CONCUR.