[Cite as *Holloway v. Holloway Sportswear, Inc.*, 2012-Ohio-2135.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

D'LORAH HOLLOWAY, ET AL.,

    PLAINTIFFS-APPELLEES,

    v.                                 CASE NO. 17-11-24

HOLLOWAY SPORTSWEAR, INC., ET AL.,

    DEFENDANTS-APPELLEES,
    -and-

RANDALL W. HOLLOWAY,              O P I N I O N

    DEFENDANT-APPELLANT,

[MARK VONDENHUEVEL, ET AL.,
    - APPELLANTS].

Appeal from Shelby County Common Pleas Court
Trial Court No. 96CV000061

Judgment Reversed and Cause Remanded

Date of Decision: May 14, 2012

APPEARANCES:

    *Robert R. Furnier and Christopher L. Muzzo* for Appellants

    *Neil F. Freund and Lindsay M. Johnson* for Appellee Burton

**PRESTON, J.**

{¶1} Defendants-appellants, Randall W. Holloway ("Randall") and ARAICH, Inc. ("ARAICH") (formerly "Holloway Sportswear, Inc.") (collectively "defendants"), and appellant, Mark Vondenhuevel ("Vondenhuevel"), appeal the Shelby County Court of Common Pleas' judgment entry granting the motion to enforce subpoena upon Vondenhuevel filed by appellee, M. David Burton, Esq. ("Burton"). For the reasons that follow, we reverse.

{¶2} On April 12, 1996, J. Boyd Binning, Esq. ("Binning") and Burton filed a complaint against defendants alleging breach of contract and fraud and requesting an accounting on behalf of their clients, D'Lorah A. Holloway, Lorinda Jill Holloway, and others (collectively "plaintiffs"), in the Shelby County Court of Common Pleas. (Doc. No. 1). On July 1, 1997, the first amended complaint was filed adding additional causes of action, including: Counts I and V of Misrepresentation/Concealment; Counts II and VI of Breach of Fiduciary Duty; Count III of Fraud; Counts IV and VII of Abuse of Fiduciary Relationship; and Count VIII Demand for Accounting. (Doc. No. 110).

{¶3} On November 3, 1998, the trial court granted defendants summary judgment as to Counts I through VII but denied defendants summary judgment on Count VIII, and the trial court certified its entry as a final order pursuant to Civ.R. 54(B). (Doc. No. 144). On May 20, 1999, plaintiffs filed a Civ.R. 60(B) motion

for relief from judgment, which the trial court overruled on August 28, 2000. (Doc. Nos. 160, 174). On June 7, 2001, this Court affirmed the trial court's judgments. *Holloway v. Holloway Sportswear, Inc.*, 3d Dist. Nos. 17-98-20, 17-2000-18. On October 10, 2001, the Ohio Supreme Court declined jurisdiction. *Holloway v. Holloway Sportswear, Inc.*, 93 Ohio St.3d 1451. (Doc. No. 182). Thereafter, on April 19, 2002, the trial court granted defendants summary judgment on the remaining claim (Count VIII). (Doc. No. 189).

{¶4} On May 10, 2002, defendants filed a motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51 against plaintiffs D'Lorah and Lorinda Jill Holloway, and their attorneys, Burton, Binning, and Lewis E. Williams, Esq. ("Williams"). (Doc. No. 192).

{¶5} On February 6 and 10, 2004, defendants withdrew their motion for sanctions against D'Lorah and Lorinda Holloway and Williams. (Doc. Nos. 238, 240).

{¶6} On March 22, 2004, Binning filed a motion to dismiss, arguing that the motion for sanctions was untimely. (Doc. No. 244).

{¶7} On April 26, 2004, defendants filed a revised motion for attorney's fees and litigation costs as sanctions under Civ.R. 11 and R.C. 2323.51 against Burton and Binning. (Doc. No. 249).

{¶8} On July 21, 2004, the trial court dismissed defendants' motion for sanctions under R.C. 2323.51 on Counts I through VII as untimely. (Doc. No. 259). The trial court however determined that defendants' motion for sanctions under R.C. 2323.51 on Count VIII was timely. (*Id.*). The trial court also held that defendants' motion for sanctions under Civ.R. 11 were timely on all counts. (*Id.*).

{¶9} On July 26-27, 2004, December 2, 2004, and March 25, 2005, the trial court held hearings on the motion for sanctions. (Doc. Nos. 282, 314). Thereafter, the parties filed post-hearing briefs. (Doc. Nos. 287-289).

{¶10} On July 11, 2005, defendants filed a motion to substitute Peter Binning, Administrator of the Estate of J. Boyd Binning, as the proper party following Binning's death. (Doc. No. 293). On December 20, 2005, the trial court sustained the motion. (Doc. No. 301).

{¶11} On January 13, 2009, the trial court concluded that Burton and Binning had committed frivolous conduct in violation of Civ.R. 11 for filing the original and first amended complaints; and, Binning had committed frivolous conduct in violation of Civ.R. 11 for filing the memo contra to defendants' motion for summary judgment dated March 13, 2002. (Doc. No. 314). The trial court denied defendants' motion for sanctions under R.C. 2323.51 as to Count VIII of the amended complaint, as well as all defendants' remaining grounds for sanctions

under Civ.R. 11. (*Id*.). A hearing on the amount of sanctions was scheduled for April 26-28, 2010. (Doc. No. 326).

{¶12} Following the trial court's judgment entry granting sanctions, the parties began mediating the amount of sanctions, along with the malpractice claims set forth in *Holloway Sportswear, Inc. et al. v. Binning*, Case No. 05 CV 018. (Doc. No. 328).

{¶13} On March 18, 2010, Burton filed a motion to dismiss the sanctions for failure to prosecute and failure to join a real party in interest. (*Id*.). Burton alleged that defendants' counsel failed to send him documentation necessary to complete the mediation as ordered by the trial court. (*Id*.). Burton further alleged that, on May 2, 2006, Holloway Sportswear, Inc. ("HSI") was sold to Augusta Sportswear, Inc.; and therefore, the former is no longer the real party in interest for sanctions. (*Id*.). On March 29, 2010, Binning's estate joined the motion to dismiss. (Doc. No. 330).

{¶14} On April 2, 2010, defendants filed a response to the motions. (Doc. No. 331). On April 5, 2010, the trial court overruled the motions. (Doc. No. 333). The trial court ordered defendants' counsel to provide all supporting documents and a list of witnesses he intended to call at the April 26-28, 2010 hearing to determine the amount of sanctions to Burton's counsel by April 15, 2010. (*Id*.). The trial court also instructed defendants' counsel that the first day of the hearing

to determine the amount of sanctions would be reserved to demonstrate the real party in interest following the sale of HSI. (*Id*.).

**{¶15}** On April 7, 2010, Burton filed a motion to continue the hearing. (Doc. No. 336). On April 8, 2010, the trial court held a telephone conference. (Doc. No. 338). On April 19, 2010, the trial court amended its April 5, 2010 judgment entry, rescheduling the hearing to October 21-22, 2010. (*Id*.). The trial court ordered defendants' counsel to deliver all supporting documents and a witness list for the rescheduled sanctions hearings and a real party in interest hearing, scheduled for July 1, 2010, to opposing counsel by May 3, 2010. (*Id*.).

**{¶16}** On June 17, 2010, defendants filed a notice of name change and motion for summary judgment on the real party in interest issue. (Doc. No. 340). The motion for summary judgment alleged that, in 2006, HSI sold all of its assets to Holloway Acquisition, Inc., *except for* the right to pursue claims against Burton and Binning. (*Id*.). Attached to the motion was an "Acknowledgement and Modification of Asset Purchase Agreement," executed on April 30, 2010, representing that the transfer of HSI's assets to Holloway Acquisition, Inc. did not include any rights of recovery in the actions against Burton and Binning in Case Nos. 96CV000061 (sanctions) and 05CV000018 (malpractice claim). (*Id*.).

{¶17} Also on June 17, 2010, Burton and Binning's estate filed a joint motion to continue the July 1, 2010 hearing for the purpose of conducting discovery on the real party in interest issue. (Doc. No. 344, 346).

{¶18} On June 24, 2010, the trial court granted the motion to continue and held defendants' motion for summary judgment in abeyance until Burton and Binning's estate conducted discovery concerning the 2006 sale of HSI. (Doc. No. 349). The trial court scheduled a conference call for July 1, 2010. (*Id*.).

{¶19} On June 30, 2010, Burton filed a motion to continue the briefing and decision on defendants' motion for summary judgment. (Doc. No. 351). On July 7, 2010, the trial court granted the motion to continue the discovery deadline until September 29, 2010. (Doc. No. 355). On July 16, 2010, the trial court granted Burton's Civ.R. 56(F) motion to extend the deadline for responding to defendants' motion for partial summary judgment. (Doc. No. 356).

{¶20} On September 30, 2010, Burton filed another motion to continue discovery until January 31, 2011 since HSI's current president, Vondenhuevel, failed to attend deposition and bring certain documents, even though he was subpoenaed. (Doc. No. 361).

{¶21} On October 13, 2010, the trial court approved and filed an agreed entry vacating both the October 12, 2010 status hearing and October 21, 2010 real party in interest hearing. (Doc. No. 364).

{¶22} On December 27, 2010, Burton filed a motion to enforce the subpoena directed at Vondenhuevel and HSI. (Doc. No. 370). On January 10, 2011, the trial court held a hearing on the motion, and Vondenhuevel filed a memorandum in opposition. (Doc. Nos. 371, 377).

{¶23} On February 16, 2011, the trial court granted Burton's motion to enforce the subpoena as revised by the trial court to allow Vondenhuevel an opportunity to compile a privilege log for communications he believed were protected under the attorney-client privilege. (Doc. No. 384). On February 24, 2011, a protective order governing the confidentiality of documents produced concerning the 2006 sale of HSI was entered upon the record. (Doc. No. 388).

{¶24} On April 22, 2011, Burton filed a motion for in-camera review of the documents subpoenaed from Vondenhuevel, which Vondenhuevel listed as privileged communications. (Doc. No. 393). On April 27, 2011, defendants filed a motion for a protective order and to quash the subpoena. (Doc. No. 395).

{¶25} On May 23, 2011, the trial court held a hearing on the pending motions. (May 31, 2011 JE, Doc. No. 412). The trial court granted Burton's motion to enforce the subpoena of Vondenhuevel stating:

[Burton]'s counsel will be permitted to again subpoena and depose

Mark Vondenhuevel related to the real party in interest issue,

including but not limited to documents Mr. Vondenhuevel has

executed and produced in this case, his knowledge of and involvement in the 2006 asset purchase of [HSI] and the 2010 Acknowledgement and Modification of Asset Purchase Agreement. Nothing in this Entry shall limit counsel's ability to question Mr. Vondenhuevel related to the issue of real party in interest. (*Id*.).

The trial court also granted defendants' motion for in camera review of documents and determined that the documents were, in fact, entitled to attorney-client privilege and not helpful to the real party in interest issue. (*Id*.).

**{¶26}** On June 29, 2011, appellants Holloway, ARAICH, and Vondenhuevel filed a notice of appeal from the trial court's judgment entry. (Doc. No. 419). Appellants raise a single assignment of error for our review.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED BY DENYING THE JOINT MOTIONS TO QUASH AND FOR PROTECTIVE ORDER OF RESPONDENT MARK VONDENHUEVEL AND DEFENDANTS RANDY HOLLOWAY AND ARAICH, INC. [DOCKET NO. 412.]**

**{¶27}** In their sole assignment of error, appellants argue that the trial court erred by expanding the discovery process in a post-trial sanctions proceeding absent extraordinary circumstances. Specifically, appellants contend that the expansive discovery in this case will only reveal what is known by the parties already—that HSI did not transfer the rights to Shelby County Case Nos.

96CV000061 (sanctions) and 05CV000018 (malpractice) to Holloway Acquisition, Inc. in 2006.

{¶28} Generally speaking, a trial court's decision regulating the procedure of a Civ.R. 11 sanctions proceeding should not be disturbed on appeal absent an abuse of discretion. *Stevens v. Kiraly*, 24 Ohio App.3d 211, 214 (9th Dist.1985), citing 2A Moore, Federal Practice (1985) 11-20, paragraph 11.02[2]. As the Court of Appeals in *Stevens v. Kiraly* observed:

> Civ.R. 11 is silent on the procedure to be followed in seeking sanctions against an attorney for violations of the rule, but some guidance may be found in the federal rule and case law. The federal rule provides that sanctions may be invoked upon motion of either the court or the aggrieved party. Once again, wide latitude is granted the courts, according to the Advisory Committee Note:
> "* * * [I]t is within the court's discretion to decide the procedure, timing and appropriateness of imposing a particular sanction. * * *"
> 24 Ohio App.3d at 214.

The Sixth and Tenth Districts have followed the Ninth District's decision in *Stevens*, *supra*, and, likewise, concluded that trial courts have discretion concerning the procedure of Civ.R. 11 proceedings. *Woods v. Savannah Foods and Industries, Inc.*, 6th Dist. No. L-92-160, *7-9 (Feb. 26, 1993); *Huntington*

*Natl. Bank v. Abbot*, 10th Dist. No. 89AP-432, \*5 (Sept. 26, 1989). An abuse of discretion implies more than a mere error in judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶29} Neither Civ.R. 11 nor Ohio case law interpreting it addresses the proper scope of discovery for sanction proceedings. Since Civ.R. 11 was adopted nearly identical to Fed.R.Civ.P. 11 and has been amended over the years consistent with Fed.R.Civ.P. 11, federal case law addressing this issue, while not controlling, is instructive. *Ceol v. Zion Indus., Inc.*, 81 Ohio App.3d 286, 290 (9th Dist.1992), citing 2A Moore's Federal Practice (1990), Paragraph 11.01[3], at 11-3; *Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353, ¶ 18, citing *First Bank of Marietta v. Mascrete, Inc.*, 79 Ohio St.3d 503, 508 (1997); *Stevens*, 24 Ohio App.3d at 214, citing 2A Moore, Federal Practice (1985) 11-20, paragraph 11.02[2]. For purposes of Fed.R.Civ.P. 11, federal circuit courts have concluded that trial courts "'* * * must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances.'" *Amwest v. Mortg. Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir.1991), quoting Fed.R.Civ.P. 11, Notes of 1983 Advisory Committee on Rules; *Borowski v. DePuy, Inc.*, 876 F.2d 1339, 1341 (7th Cir.1989), citing *Indianapolis Colts v. Mayor and City Council of*

*Baltimore*, 775 F.2d 177, 173 (7th Cir.1985); *Donaldson v. Clark*, 819 F.2d 1551, 1560-1561 (11th Cir.1987); *McLaughlin v. Bradlee*, 803 F.2d 1197, 1205 (D.C. Cir.1986). Similarly, federal courts have noted that Rule 11 hearings are much narrower in scope than civil proceedings and cautioned against allowing sanction proceedings to expand into full-blown litigation. *Amwest*, 925 F.2d at 1165; *Faigin v. Kelly*, 184 F.3d 67, 79 (1st Cir.1999) ("The scope of a Rule 11 hearing is generally much more circumscribed than that of a trial or comparable proceeding."); *McIntyre's Mini Computer Sales Group Inc. v. Creative Synergy Corp.*, 644 F.Supp. 589, 592 (E.D.Mich. 1986) ("The Advisory Committee cautioned against allowing sanctions proceedings to expand into full-blown litigation * * *."); *Klayman v. Barmak*, 602 F.Supp.2d 110, 117 (D.D.C. 2009) ("A motion for sanctions does not provide parties an opportunity to litigate fully—conduct discovery, present and cross-examine witnesses * * *."). The 1983 Advisory Committee on Rules noted that the limitation on discovery during sanction proceedings was "[t]o assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions * * *." Fed.R.Civ.P. 11, 1983 Advisory Committee Notes.

{¶30} The trial court abused its discretion by allowing further discovery in the Civ.R. 11 sanctions proceedings herein. Prior to the trial court's order

enforcing the subpoena served upon Vondenhuevel, defendants filed an "Acknowledgement and Modification of Asset Purchase Agreement" in which the original parties to the sale of HSI clarified that HSI, now ARAICH, did not transfer any rights or liabilities related to litigation in the Shelby County Court of Common Pleas against Burton and Binning in Case Nos. 96CV00061 (sanctions) and 05CV000018 (malpractice) to Holloway Acquisition, Inc., now HSI. (Doc. No. 342, attached). This document was signed by W. Randall Holloway, president of ARAICH, and ARAICH Group, Inc., and Vondenhuevel, president of the newly formed Holloway Sportswear, Inc. (*Id*.). Prior to the trial court's order, Vondenhuevel, president of both the former and newly formed HSI, submitted an affidavit detailing the history of the parties' original sale of former HSI's assets and the subsequent acknowledgment and modification agreement. (Doc. No. 404). In relevant part, Vondenhuevel averred that the Shelby County litigation was considered personal to Randall, and that Augusta management, the purchasers of the former HSI, had approved the execution of the Acknowledgement and Modification of Asset Purchase Agreement to that effect. (*Id*.). Despite these filings indicating that Randall and ARAICH (former HSI) are the real parties in interest herein, the trial court enforced the subpoena upon Vondenhuevel for Burton and Binning to further investigate the real party in interest issue. Consequently, this case failed to present any "extraordinary circumstance"

meriting further discovery on this issue; and therefore, the trial court abused its discretion in enforcing the subpoena upon Vondenhuevel.

{¶31} The trial court's order granting further discovery on the real party in interest issue is also unreasonable in light of the extreme delay that has already occurred in the sanctions proceedings. This case was originally filed in 1996 and was finally disposed of by summary judgment in 2002. Seven years later, the trial court determined that Burton and Binning committed frivolous conduct under Civ.R. 11. Now, more than three years later, the trial court has yet to determine the amount of sanctions to impose. This case epitomizes the expression "justice delayed is justice denied," and the record demonstrates that the parties and the trial court share the blame for the extreme delay in this case. Absent our intervention, we fail to see this case coming to a much-needed, expeditious end. There is no need to expand the sanctions proceedings into full-blown litigation contrary to the intent of Civ.R. 11.

{¶32} Appellants' assignment of error is, therefore, sustained.

{¶33} Having found error prejudicial to the appellants herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, P.J. and ROGERS, J., concur.**